IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CEDRIC GREENE,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ASURION INSURANCE SERVICES, INC.,<br><br>　　　　　　　Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-623-DAK-BCW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(B) from Judge Dale Kimball.[1]  Plaintiff, Cedric Greene filed this Complaint based on "bad faith refusal to pay insurance claim or protection plan."[2]  Plaintiff does not seek for a jury demand at this time and seeks damages in the amount of $5, 000.00.[3]  Plaintiff alleges the basis for jurisdiction is proper under 28 U.S.C. § 1331 federal question jurisdiction.  The undersigned recommends that this matter be dismissed for lack of subject matter jurisdiction.

A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States, or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.[4]  The party invoking the jurisdiction of the court has the duty to establish that federal

---

[1] Docket no. 4.

[2] Complaint p. 1, docket no. 3.

[3] *Id.* p. 3.

[4] *See* 28 U.S.C. §§ 1331, 1332.

jurisdiction does exist,[5] but, since the court of the United States are courts of limited jurisdiction, there is a presumption against its existence.[6]  Thus, the party invoking the federal court's jurisdiction bears the burden of proof.[7]

Where subject matter jurisdiction is concerned, "it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties."[8]  Federal courts possess only that jurisdiction which has been conferred upon them by Congress[9] and "they must have a statutory basis for their jurisdiction."[10]  The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist,[11] but since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence.[12]

Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States."[13]  "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

---

[5] *Wilshire Oil Co. of Texas v. Riffe,* 409 F.2d 1277 (10th Cir. 1969).

[6] *City of Lawton, Okla. v. Chapman,* 257 F.2d 601 (10th Cir. 1958).

[7] *Becker v. Angle*, 165 F.2d 140 (10th Cir. 1947).

[8] *Treinies v. Sunshine Min. Co.*, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir.1982); *Mendoza v. K-Mart, Inc.*, 587 F.2d 1052 (10th Cir.1978).

[9] *See United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 565 (10th Cir.1979); *United States v. Padilla*, 589 F.2d 481 (10th Cir.1978); 7 Moore's Federal Practice, Par. 110.01 (2d Ed.1980).

[10] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir.1994).

[11] *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277 (10th Cir. 1969).

[12] *City of Lawton, Okla. v. Cha*pman, 257 F.2d 601 (10th Cir. 1958).

[13] 28 U.S.C. § 1331.

necessarily depends on resolution of a substantial question of federal law.'"[14] Thus, to find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied. First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint.[15] Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, "its resolution must necessarily turn on a substantial question of federal law."[16]

Here, a federal question does not appear on the face of Plaintiff's Complaint as the issue is not created by federal law nor does it turn on a substantial question of federal law.  This Court finds that Plaintiff's alleged claim of bad faith stemming from a breach of contract does not present a federal question and, therefore, this Court has no subject matter jurisdiction over the case.[17]  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[18]  Accordingly, this Court recommends that this matter be dismissed.

This Court further recommends that the district court consider placing filing restrictions on Plaintiff for being a vexatious litigant.  Plaintiff was declared a vexatious litigant in the Central District of California as a result of filing over 70 non-meritorious actions in that district.[19]  In addition, Plaintiff has also tried his luck in other districts filing the same type of

---

[14] *Morris*, 39 F.3d at 1111 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

[15] *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir.2001).

[16] *Id*. (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)).

[17] Additionally, there does not appear to be diversity jurisdiction as the amount in controversy is only $5,000.

[18] Fed. R. Civ. P. 12(h)(3); *see e.g., City of Poughkeepsie, N.Y. v. Poughkeepsie Cablevision, Inc.* 571 F.Supp. 1225, 1228 (S.D.N.Y. 1983) (finding that the district court lacked subject-matter jurisdiction over city's action for breach of contract against a cable television franchisee in which complaint sought to invoke federal question jurisdiction).

[19] *See Cedric Greene v. Men's Central Jail*, Case No. 11-cv-02359 UA (SS) (C.D. Cal. May 10, 2011) (Order (ECF No. 15) adopting Report and Recommendation ("R&R") and holding that Cedric Greene is deemed a vexatious litigant); *see also id*. (May 3, 2011 R&R (ECF No. 13) outlining Greene's litigation history in that court)

frivolous suits.[20] To date in this district Plaintiff has filed twelve suits since June 2016 and they appear to have the same frivolous pattern with six already being dismissed on jurisdictional grounds.[21]

## RECOMMENDATION

This Court recommends that Plaintiff's Complaint be DISMISSED and that this action be closed upon dismissal. This Court further recommends that Judge Kimball consider placing filing restrictions on Plaintiff for being a vexatious litigant.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[22] The parties must file any objection to this Report and

---

[20] *See Greene v. Dantzler*, Case No. 215CV02096GMNPAL, 2017 WL 663672, at *4 (D. Nev. Jan. 27, 2017), report and recommendation adopted sub nom. Greene, No. 215CV02096GMNPAL, 2017 WL 663241 (D. Nev. Feb. 15, 2017) ("Greene cannot avoid the consequences of the vexatious litigant determination by the California courts by simply filing in Nevada with the hope that this court will be more hospitable. The Southern District of California specifically told Greene several years ago that this tactic was improper."); *see also Greene v. L.A. Cnty. Sheriff Dep't.*, 11–cv–2485–JAH–CAB (Nov. 7, 2011 Order (ECF No. 3) (finding that Greene's request to proceed in the Southern District based on the vexatious litigant order in the Central District was "improper, in that plaintiff is simply seeking to sidestep the Central District's vexatious litigant order").

[21] Plaintiff has filed at least 12 cases in this district since June 2016: *Greene v. Sprint Nextel Corporation*, 2:16-cv-676 CW; *Greene v. Greyhound Lines, Inc*., 2:16-cv-703 BSJ; *Greene v. Logisticare Solutions*, 2:16-cv-755 BSJ; *Greene v. Gray*, 2:16-cv-804 JNP-EJF; *Greene v. Housing Authority of The City of Los Angeles*, 2:16-cv-806 RJS; *Greene v. Inglewood Housing Authority et al*., 2:16-cv-838 DS; Greene v. Direct TV, 2:16-cv-964 DB BCW; *Greene v. Access Services*, 2:16-cv-1272 CW EJF; *Greene v. Tennessee Board of Judicial Conduct*, 2:17-cv-175 BSJ; *Greene v. Harris et al*., 2:17-cv-276 DN EJF; *Greene v. Frontier Airlines*, 2:17—cv-319 TS; *Greene v. Asurion Insurance Services*, 2:17-cv-623 DAK BCW.

[22] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Recommendation within fourteen (14) days of service thereof.[23] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 28 June 2017.

Brooke C. Wells
United States Magistrate Judge

---

[23] *Id.*