IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CEDRIC GREENE,<br><br>Plaintiff,<br><br>v.<br><br>ASURION INSURANCE SERVS., INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17CV623DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's "Declaration and Request to Alter and Amend Judgment Placing Plaintiff Under the 'Restricted" Free Agent Status." Plaintiff states that his request is filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Although the title of Plaintiff's filing implies that the court placed Plaintiff on the restricted filer list, the court specifically did not do so.

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted). A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "When supplementing a Rule 59(e) motion with

additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee For the First Amendment v. Campbell*, 962 F.2d 1517 (10th Cir. 1992) (citations omitted). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracletes*, 204 F.3d at 1012. A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

    Plaintiff has not attempted to meet any of these standards. The substance of Plaintiff's filing references sports law, collective bargaining agreements, and restricted free agents. None of these issues relate to Plaintiff's complaint against Defendant for refusal to pay an insurance claim. The court finds that Plaintiff's motion is without merit. Plaintiff's motion to alter and amend judgment is, therefore, DENIED.

    DATED this 7th day of September, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Court Judge